UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                            )
                                  )     Chapter 7
WAYNE ROGER ROUNDS and            )
PATSY JOYCE ROUNDS,               )
                                  )     Bankruptcy No. 05-01142
     Debtors.                     )
----------------------------------
SHERYL L. SCHNITTJER,             )     Adversary No. 05-9059
Trustee,                          )
                                  )
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
FIRST SECURITY STATE BANK,        )
JOHN DEERY MOTORS, INC.,          )
WAYNE ROGER ROUNDS and            )
PATSY JOYCE ROUNDS,               )
                                  )
     Defendants.                  )
```

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**

This matter came before the undersigned on June 30, 2005 on Motions for Summary Judgment filed by Plaintiff and by Defendants First Security State Bank ("FSSB") and John Deery Motors, Inc. ("Deery Motors") (collectively "Defendants"). Plaintiff/Trustee Sheryl Schnittjer was represented by attorneys Wes Huisinga and Marty Sutcliffe. Defendants FSSB and Deery Motors were represented by attorney Richard Hansen. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

Debtors bought a vehicle from Deery Motors. After receiving an assignment of the security agreement from Deery Motors, FSSB noted its lien on the title of the vehicle. Trustee seeks to avoid the lien as a preference and requests summary judgment. FSSB and Deery Motors request summary judgment in their favor.

**STATEMENT OF FACTS AND ARGUMENTS**

Debtors filed their bankruptcy petition on March 21, 2005. Less than 90 days before the petition date, on January 24, 2005, FSSB's lien was noted on the title to Debtors' vehicle, a 2002 Dodge Intrepid. Trustee seeks to avoid the lien as a preferential transfer under § 547(b).

FSSB and Deery Motors assert the earmarking doctrine in defense of Trustee's preference action. They assert FSSB's lien merely replaced a previous lien on the title, resulting in no loss to Debtors' bankruptcy estate. They also raise the "new value" defense under § 547(c)(1).

The parties agree the following facts are undisputed.

| | |
|---|---|
| 12/4/04 | Debtors purchase the car from Deery Motors and sign installment contract/security agreement naming Deery Motors as "Creditor-Seller." |
| 12/23/04 | Lien of First Midwest Bank is noted on title. |
| 1/13/05 | First Midwest Bank signs release of its lien and returns the title to Deery Motors. |
| 1/21/05 | Debtor Patsy Rounds signs Application for Notation of Security Interest of FSSB. |
| 1/24/05 | Lien of FSSB is noted on title. |
| 3/21/05 | Debtors file Chapter 7 petition. |

Deery Motors first assigned Debtors' contract to First Midwest Bank and had a lien noted in its name. According to the affidavit of Ryan Davis, a former employee, Deery Motors had a standing relationship with First Midwest Bank to accept assignments of Retail Installment contracts. However, First Midwest Bank rejected the assignment of Debtors' contract, signed a release of its lien and returned the title to Deery Motors. Deery Motors then assigned the contract to FSSB. FSSB's lien was noted on the title the same day First Midwest Bank's was released.

Trustee argues that First Midwest Bank did not have a perfected lien on the car. She asserts Deery Motors' assignment of the contract to First Midwest Bank was invalid because the bank did not accept it. Defendants argue that the assignment was valid according to the custom and practice of the parties and resulted in an equitable assignment.

**CONCLUSIONS OF LAW**

It is axiomatic that summary judgment may only be granted when there are no facts in controversy. The Eighth Circuit recognizes "that summary judgment is a drastic remedy and must be exercised with extreme care." <u>Wabun-Inini v. Sessions</u>, 900 F.2d 1234, 1238 (8th Cir. 1990). In considering a motion for summary judgment, the Court must determine whether the record, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>In re Cochrane</u>, 124 F.3d 978, 981-82 (8th Cir. 1997). The moving party has the burden of showing that there is no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

**PREFERENTIAL TRANSFERS**

Section 547 of the Bankruptcy Code permits Trustee to recover preferential transfers made to creditors shortly prior to filing the bankruptcy petition. In order for a transfer to be subject to avoidance as a preference there must be (1) a transfer of an interest of the debtor in property; (2) on account of an antecedent debt; (3) to or for the benefit of a creditor; (4) made while the debtor was insolvent; (5) within 90 days prior to the commencement of the bankruptcy case; (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor had asserted its claim in a Chapter 7 liquidation. <u>In re Interior Wood Prods. Co.</u>, 986 F.2d 228, 230 (8th Cir. 1993); 11 U.S.C. § 547(b).

**NEW VALUE**

A transaction is not a preferential transfer, even if made on the eve of bankruptcy, if the creditor provides new value in exchange for the debtor's contemporaneous transfer of, for example, a security interest. <u>In re Dorholt, Inc.</u>, 224 F.3d 871, 873 (8th Cir. 2000). To qualify for this exception, a creditor must prove that an otherwise preferential transfer was (A) intended by the debtor and the creditor to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange. <u>In re Jones Truck Lines, Inc.</u>, 130 F.3d 323, 327 (8th Cir. 1997); 11 U.S.C. § 547(c)(1). "Contemporaneous new value exchanges are not preferential because they encourage

3

creditors to deal with troubled debtors and because other creditors are not adversely affected if the debtor's estate receives new value." Id. at 326.

As Trustee points out, the definition of "new value" specifically excludes "an obligation substituted for an existing obligation." 11 U.S.C. § 547(a)(2). "Substituted obligation" cases are those in which a creditor postpones collecting debts by substituting a new obligation of the debtor for the old one. In re Bellanca Aircraft Corp., 850 F.2d 1275, 1281 (8th Cir. 1988) (considering a creditor's payment of the debtor's debts to third parties). The substitution of obligation, within the meaning of § 547(a)(2), contemplates two obligations both of which involve precisely (a) the same obligee, and (b) the same essential terms. In re Foxmeyer Corp., 286 B.R. 546, 565 (Bankr. D. Dell. 2002).

## EARMARKING

> According to the earmarking doctrine, there is no avoidable transfer of the debtor's property interest when a new lender and a debtor agree to use loaned funds to pay a specified antecedent debt, the agreement's terms are actually performed, and the transaction viewed as a whole does not diminish the debtor's estate. No avoidable transfer is made because the loaned funds never become part of the debtor's property. Instead, a new creditor merely steps into the shoes of an old creditor. Application of the earmarking doctrine is not limited to situations in which the new creditor is secondarily liable for the earlier debt, but extends to situations where "any third party ... pays down a debt of the debtor ... because [the] payments ... would have no effect on the estate of the debtor." "[R]egardless of the lender's prior relationship with the debtor, or lack thereof, replacing one creditor with another of equal priority does not diminish the estate and thus no voidable [transfer] results." Thus, the doctrine applies when a security interest is given for funds used to pay secured debts, but not when a security interest is given for funds used to pay an unsecured debt.

In re Heitkamp, 137 F.3d 1087, 1088-89 (8th Cir. 1998) (citations omitted).

4

On first glance, the earmarking doctrine applies to this case. FSSB received a security interest from Debtors for funds used to pay off an existing debt secured by Debtors' car, i.e. the debt to Deery Motors, assigned to First Midwest Bank who had its name on the title to the car as lienholder. This substitution of creditors does not diminish the estate, and Trustee is unable to prove the first element of a § 547(b) preference claim.

## VALIDITY OF ASSIGNMENT

Trustee, however, disputes the validity of First Midwest Bank's lien. She argues Deery Motors' assignment to the bank was invalid because the bank never accepted the assignment. Defendants assert that First Midwest Bank's lien was properly perfected. They also argue the transaction between Deery Motors and First Midwest Bank constitutes an equitable assignment.

> To accomplish a valid assignment in Iowa, "there must be a perfected transaction between the parties, intended to vest in the assignee a present right in the thing assigned." The evidence must show the intent of the parties to effect an assignment. No particular form of assignment is necessary.

In re Wagner, 144 B.R. 430, 437 (Bankr. N.D. Iowa 1991), aff'd 173 B.R. 916 (N.D. Iowa 1994) (citations omitted). For the transaction, or contract, to be valid, the parties must express mutual assent to the terms of the contract. Schaer v. Webster County, 644 N.W.2d 327, 338 (Iowa 2002). Mutual assent is based on objective evidence, not on the hidden intent of the parties. Id. An offer and an assent manifested by act or conduct constitute a contract. Tralon Corp. v. Cedarapids, Inc., 966 F. Supp. 812, 822 (N.D. Iowa 1997). An offer is a manifestation of willingness to enter into a bargain and an acceptance is a manifestation of the assent to the offer, as evaluated under an objective standard. Id.

Likewise, an equitable assignment is defined as "(a)ny words or transaction which show an intention on one side to assign and an intention on the other to receive, if there is valuable consideration". In re Wagner, 173 B.R. 916, 919 (N.D. Iowa 1994); Fischer v. Klink, 14 N.W.2d 695, 698 (Iowa 1944).

5

**CONCLUSIONS**

Based on the foregoing, the Court concludes that summary judgment is not appropriate. A genuine issue of material fact exists regarding the validity of Deery Motors' assignment to First Midwest Bank. The affidavits presented by Defendants assert the bank state that Deery Motors had a standing relationship with First Midwest Bank to accept such assignments. Trustee, however, argues that the assignment was not accepted by First Midwest Bank, but was affirmatively rejected. If the bank initially accepted the assignment, the Court believes this case fits within the earmarking doctrine and/or the "new value" defense. If not, these defenses probably do not apply.

**WHEREFORE**, both Trustee's and Defendants' Motions for Summary Judgment are DENIED.

**FURTHER**, the scheduling clerk shall set a status conference in this proceeding to set a date for a trial on the validity of the assignment between Deery Motors and First Midwest Bank.

DATED AND ENTERED: July 20, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE